UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

CITIMORTGAGE, INC.,

                 Case No. 2:09-cv-12881

 Plaintiff,            Hon. Sean F. Cox

v.

ANDREA CRAYTON, *et al*.,

 Defendants.

_____/

## **OPINION & ORDER**

   This is a mortgage foreclosure case in which Plaintiff CitiMortgage, Inc. ("Citi") seeks foreclosure of a residential property. The matter is currently before the Court on Citi's Application for Entry of Partial Default Judgment. The Court held a hearing on March 11, 2010. For the reasons that follow, Citi's Application for Entry of Partial Default Judgment shall be granted as to both Andrea Crayton and Mercy Westbrook.

### BACKGROUND

   Citi filed this foreclosure action against Defendants Andrea Crayton ("Crayton"), Mercy Westbrook ("Westbrook"), and the United States of America ("United States") in Wayne County Circuit Court. The United States removed to federal court.

   The property that is the subject of this action ("Property") is located at 19140 Woodson, Detroit, Michigan 48203, and is more particularly described as:

1

> Lot 260 And 262, of Palmer Woods Subdivision, according to the
> Plat thereof, as recorded in Liber 32, Page(s) 16, Wayne County
> Records
> Tax ID: 02-004666, 02-004578

Citi's First Amended Complaint (Doc. No. 1 Ex. 1) alleges that Westbrook owned the Property until October 4, 2007, at which time Westbrook executed a warranty deed to Crayton.

Crayton made a promissory note to Royal Crown Bancorp for $417,000.00, and granted a purchase money mortgage on the Property.

Because Crayton has not appeared and has not presented any defense, the record is unclear as to whether Crayton actually executed the promissory note and purchased the Property, or whether she is a victim of identity fraud.

On March 7, 2008, Citi acquired the promissory note.

Crayton did not make any payments on the note.

Crayton has been served by certified mail at her address, P.O. Box 8211 St. Louis, Missouri 63156. Westbrook has been personally served at her address, 19522 Greenwald, Southfield, Michigan 48075.

On December 1, 2009, Citi filed a Motion for Default Judgment as to Crayton and Westbrook. On December 15, 2009, this Court denied the motion for failure to first get a Clerk's Entry of Default.

On December 24, 2009, Citi requested and was granted a Clerk's Entry of Default as to both Crayton and Westbrook.

## ANALYSIS

In its Application for Entry of Partial Default Judgment, Citi requests the Court declare that Crayton's and Westbrook's interests in the Property "are forever extinguished . . . ," and to

2

declare that "Citi holds a first priority purchase money mortgage on the Property, subject only to the interests of the United States, if any, that are of superior priority, the existence, amount and priority of which interests remain in dispute in this action." (Pl.'s App. at 4).

Federal Rule of Civil Procedure 54(c) provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Here, Citi's requested relief does not appear to differ in kind or exceed in amount, the relief demanded in its pleadings.

In Citi's First Amended Complaint, it requested "that the Mortgage be foreclosed and the Property be sold by the Wayne County Sheriff or Clerk . . . ." (Compl. at 5). Citi also requested the Court to declare that it has "a first priority purchase money mortgage on the Property superior to all other security interests therein . . . ." (Compl. at 7).

The relief requested by Citi's Application does not therefore differ in kind, or exceed in amount the relief which Citi demanded in the pleadings.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Citi's Application for Entry of Partial Default Judgment is **GRANTED** as to Defendants Crayton and Westbrook.

**IT IS SO ORDERED**.

        S/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated: March 19, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on

March 19, 2010, by electronic and/or ordinary mail.

                                               S/Jennifer Hernandez
                                               Case Manager